# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CODY STAUB,<br><br>                Plaintiff,<br><br>    v.<br><br>PROXES INC. f/k/a STEPHAN MACHINERY INC., ABC CORPORATION 1-10, AND JOHN DOES 1-10<br><br>                Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL** |

**TO:   THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant ProXES, Inc. ("ProXES") through its undersigned counsel, hereby removes to this Court the instant action from the Civil Division of the Court of Common Pleas of Pennsylvania, Cumberland County (the "State Court Action"), and, in support of the removal, states as follows:

1. The State Court Action was commenced by plaintiff Cody Staub ("Plaintiff") with the filing of a Complaint on January 10, 2020 in the Civil Division of the Court of Common Pleas of Pennsylvania, Cumberland County (Case No. 2020-00498-0). Pursuant to 28 U.S.C. § 1446(a), all process, pleadings and orders served upon ProXES in the State Court Action are attached hereto as Exhibit "A".

2. Plaintiffs seeks monetary damages from ProXES under negligence and strict products liability theories for personal injuries he sustained on January 11, 2018, while operating a high-speed dough mixer during the course of his employment with Wege Pretzel Co., Inc.

3. A copy of the Complaint was served on ProXES's registered agent on January 16, 2020. This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b) because it is

being filed within thirty (30) days after a copy of the initial pleading setting forth the claim for relief upon which this action is based was served upon ProXES.

4. Additionally, this Notice of Removal is being filed within 1 year from commencement of the action as required by 28 U.S.C. § 1446(c)(1).

5. Plaintiff resides at 2939A York Road, Gettysburg, Pennsylvania. *See* Ex. A., ¶ 1.

6. ProXES is an Illinois corporation with its principal place of business in Mundelein, Illinois. *See id.*, ¶ 2.

7. Based on the foregoing facts, Plaintiff is a citizen of the Commonwealth of Pennsylvania and ProXES is a citizen of the State of Illinois for purposes of evaluating diversity jurisdiction. Accordingly, complete diversity of citizenship exists.

8. According to the Complaint, Plaintiff "suffered severe and permanent injuries, including multiple fractures to his dominant arm, hand, and wrist. *See* Ex. A., ¶ 25. More particularly, Plaintiff alleges that he "sustained a crush injury which resulted in a Type 3 open intraarticular fracture of the right distal radius and ulna, right transverse humeral shaft fracture which was comminuted and displaced, right radial nerve traumatic laceration, right type 3 open fracture hamate, triquetrum and trapezoid with dislocation of carpus, right type 3 open ring and little proximal metacarpal fractures, intraarticular, right extensor carpi ulnaris tendon avulsion and right myotendinous avulsion of index extensor digitorum communis and extensor indicis proprius." *See id.*, ¶ 27. Plaintiff further alleges that he "underwent two irrigation and debridement surgical procedures, as well as the repair of the above injuries." *See id.*, ¶ 28. As a result of these injuries, Plaintiff alleges that he "has ongoing permanent limitations in relation to the use of the right upper extremity including permanent dysethesias, weakness and limited dexterity with ongoing permanent work restrictions." *See id.*, ¶ 29.

9. Based on the foregoing, Plaintiff demands judgment in excess of $50,000.

10. Given the allegations in the Complaint of severe injuries along with pain and suffering, ProXES reasonably and intelligently concludes that the amount in controversy in this case is well in excess of the $75,000 jurisdictional threshold set forth in 28 U.S.C. § 1332(a).

11. In sum, because diversity of citizenship exists as between Plaintiff and ProXES, and the amount in controversy exceeds $75,000, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

12. The United States District Court for the Middle District of Pennsylvania embraces actions pending in the Civil Division of the Court of Common Pleas of Pennsylvania, Cumberland County. The State Court Action is pending in that court. Accordingly, this Court is the proper federal venue for this action.

13. ProXES is the sole defendant identified in this action.

14. No previous application has been made for the relief requested herein.

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Prothonotary of the Court of Common Pleas of Pennsylvania, Cumberland County.

**WHEREFORE**, defendant ProXES, Inc. respectfully removes this action from the Civil Division of the Court of Common Pleas of Pennsylvania, Cumberland County.

    Respectfully submitted,

    **MOUND COTTON WOLLAN**
     **& GREENGRASS LLP**

    *s/ Scott J. Sheldon*
    Scott J. Sheldon

Dated: February 14, 2020

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CODY STAUB,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PROXES INC. f/k/a STEPHAN MACHINERY INC., ABC CORPORATION 1-10, AND JOHN DOES 1-10<br><br>　　　　　　Defendants. | Case No.:<br><br>**CERTIFICATION OF SERVICE** |

I, Scott J. Sheldon, hereby certify that on this 14th day of February, 2020, I caused ProXES, Inc.'s Notice of Removal to be served via CM/ECF upon all counsel of record and by electronic filing and/or e-mail to Crawford Law, attorneys for plaintiff Cody Staub, and the Prothonotary of the Court of Common Pleas of Pennsylvania, Cumberland County.

　　　　　　　　　　　　　　　　　　**MOUND COTTON WOLLAN**
　　　　　　　　　　　　　　　　　　 **& GREENGRASS LLP**

　　　　　　　　　　　　　　　　　　*s/ Scott J. Sheldon*
　　　　　　　　　　　　　　　　　　Scott J. Sheldon
　　　　　　　　　　　　　　　　　　ssheldon@moundcotton.com
　　　　　　　　　　　　　　　　　　One New York Plaza, 44th Floor
　　　　　　　　　　　　　　　　　　New York, NY 1004
　　　　　　　　　　　　　　　　　　Tel. (212) 804-4200
　　　　　　　　　　　　　　　　　　Fax (212) 344-8066
　　　　　　　　　　　　　　　　　　*Attorneys for Defendant ProXES, Inc.*

Dated: February 14, 2020

# Exhibit A

Case# 2020-00498-0 Received at Cumberland County Prothonotary on 01/10/2020 10:37 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

CRAWFORD LAW
By: John R. Slattery, Esquire
Attorney I.D. No. 91504
One West First Avenue, Suite 450
Conshohocken, PA 19428
(215) 592-1932 – Telephone
(215) 592-1934 – Fax

| | |
|---|---|
| CODY STAUB<br>2939A York Road<br>Gettysburg, Pennsylvania 17325 | CUMBERLAND COUNTY<br>COURT OF COMMON PLEAS |
| Plaintiff, | Civil Action |
| v. | |
| PROXES INC. f/k/a STEPHAN MACHINERY INC.<br>1385 Armour Boulevard<br>Mundelein, IL 60060 | _____TERM, _____<br><br>NO.: _____ |
| and | |
| ABC CORPORATION 1 - 10, and JOHN DOES 1 - 10 | |
| Defendants. | |

### NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP

CUMBERLAND COUNTY BAR ASSOCIATION
32 SOUTH BEDFORD STREET
CARLISLE, PA 17013
1-800-990-9108 717-249-3166

Case# 2020-00498-0 Received at Cumberland County Prothonotary on 01/10/2020 10:37 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## COMPLAINT

Plaintiff, Cody Staub, by and through its undersigned counsel, files this Complaint against the defendants and in support thereof alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Cody Staub, is an adult individual residing at 2939A York Road, Gettysburg, Pennsylvania 17325.

2. Defendant, Proxes Inc. f/k/a STEPHAN Machinery Inc. ("STEPHAN Machinery" or "Defendant") is, upon information and belief, a corporation duly organized and existing under the laws of the State of Illinois with a principal place of business located at 1385 Armour Boulevard, Mundelein, Illinois 60060 and all times relevant hereto was engaged in the business of designing, manufacturing, distributing and selling commercial food processing machinery, including dough mixers, and at all times relevant hereto has engaged in substantial, continuing and systematic business in the Commonwealth of Pennsylvania.

3. STEPHAN Machinery's registered agent is Illinois Corporation Service Company, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

4. Plaintiffs allege that an insufficient amount of time and/or insufficient investigation was available to determine the identities of other entities or persons involved in the design, development, manufacture, construction, inspection, care, upkeep, modification, and/or maintenance of the subject commercial dough mixer involved in the subject incident. Accordingly, said entities and persons have been identified and named as John/Jane Does 1-10 and ABC Corp. 1-10, and Plaintiffs reserve the right to amend the Complaint when and if their identities become known.

2

Case# 2020-00498-0 Received at Cumberland County Prothonotary on 01/10/2020 10:37 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

5. Venue and jurisdiction are proper in Cumberland County pursuant to Pa. R. Civ. P. 1006, as the actual controversy of a judicial nature exists between plaintiff and defendant involving an incident that occurred in Cumberland County, which resulted in significant injuries to Plaintiff.

## FACTS

6. Prior to and on January 11, 2018, Plaintiff was employed by Tempstar Staffing, located at 1431 N. George St., York, Pennsylvania 17404.

7. Prior to and on January 11, 2018, Plaintiff was placed in the employ of Wege Pretzel Co., Inc.

8. Wege Pretzel Co., Inc. ("Wege Pretzel") is a Pennsylvania corporation located at 116 Blettner Avenue, Hanover, Pennsylvania 17331.

9. Upon information and belief, one of the pieces of equipment Wege Pretzel used in its pretzel-making process was a STEPHAN Intensiv-Kneter High Speed Dough Mixer, Model TK-300 ("Subject Mixer").

10. Upon information and belief, STEPHAN Machinery manufactured the Subject Mixer.

11. Upon information and belief, the Subject Mixer is used to mix flour and other ingredients into pretzel dough and to then cut the dough into "chunks."

12. Upon information and belief, the mixer operates twenty-four hours per day, five days per week.

13. Upon information and belief, once the mixing is completed, the "chunks" of dough are then conveyed along a connected conveyor belt for further processing.

Case# 2020-00498-0 Received at Cumberland County Prothonotary on 01/10/2020 10:37 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

14. Upon information and belief, once a batch of dough drops from the Subject Mixer, the machine turns off automatically.

15. Upon information and belief, the singular manual action of the Subject Mixer is feeding ingredients into the hopper and the remainder of the process is automated and batches are mixed on a timer schedule.

16. On January 11, 2018, Plaintiff was working his sixth day at Wege Pretzel.

17. On January 11, 2018, Plaintiff was assigned to the task of making dough using the Subject Mixer.

18. On January 11, 2018, Plaintiff engaged the manual action and dumped flour into the Subject Mixer, resulting in a flour dust cloud in the area around the Subject Mixer.

19. On January 11, 2018, after dumping flour into the Subject Mixer, Plaintiff attempted to determine whether the flour level in the hopper of the Subject Mixer was adequate.

20. Prior to January 11, 2018, Plaintiff had been instructed to check the flour level after dumping it into the Subject Mixer because sometimes the flour sticks and the level is not adequate because of the humidity and/or make-up of the flour.

21. On January 11, 2018, because of the dusty conditions, Plaintiff could not determine the flour level within the hopper of the Subject Mixer.

22. On January 11, 2018, after the Subject Mixer had been turned off for several minutes, Plaintiff reached inside the Subject Mixer to check the flour level.

23. The baffle and cutting knives of the Subject Mixer continued to drive even after the Subject Mixer was turned off.

24. On January 11, 2018, Plaintiff's right arm became caught between the plastic scrapers and the side of the mixing drum ("Subject Incident").

4

Case# 2020-00498-0 Received at Cumberland County Prothonotary on 01/10/2020 10:37 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

25. As a result, Plaintiff suffered severe and permanent injuries, including multiple fractures to his dominant arm, hand, and wrist.

26. After the Subject Incident, Plaintiff was transported via MedEvac to York Hospital.

27. As a result of the Subject Incident, Plaintiff sustained a crush injury which resulted in a Type 3 open intraarticular fracture of the right distal radius and ulna, right transverse humeral shaft fracture which was comminuted and displaced, right radial nerve traumatic laceration, right type 3 open fracture hamate, triquetrum and trapezoid with dislocation of carpus, right type 3 open ring and little proximal metacarpal fractures, intraarticular, right extensor carpi ulnaris tendon avulsion and right myotendinous avulsion of index extensor digitorum communis ("EDC") and extensor indicis proprius ("EIP").

28. As a result of the Subject Incident, Plaintiff underwent two irrigation and debridement surgical procedures, as well as the repair of the above injuries.

29. As a result of the Subject Incident, Plaintiff has ongoing permanent limitations in relation to the use of the right upper extremity including permanent dysesthesias, weakness and limited dexterity with ongoing permanent work restrictions.

<u>**COUNT I**</u>
**NEGLIGENCE**

30. Plaintiff incorporates the preceding paragraphs as though the same were set forth at length herein.

31. Defendant owed a duty of care of one engaged in the business of designing, manufacturing, and selling commercial dough mixers.

5

Case# 2020-00498-0 Received at Cumberland County Prothonotary on 01/10/2020 10:37 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

32. The injuries sustained by Plaintiff were caused, in whole or in part, by the negligence of Defendant, by and through its employees, agents and servants, acting in the course and scope of their employment, in the following ways:

(a) Failing to provide adequate safeguards to prevent hands and/or arms to be caught in the Subject Mixer;

(b) Failing to place proper guarding to prevent injuries from hands and/or arms being caught in the Subject Mixer;

(c) Failing to properly assemble and/or design the Subject Mixer which would decrease the chance that a hand or arm would be caught in the Subject Mixer; and

(d) Failing to provide adequate warnings, interlocks, precautions, devices and/or procedures that would prevent injuries from hands and/or arms being caught in the Subject Mixer.

33. Defendant's negligent conduct, as set forth above, was the proximate cause of Plaintiff's injuries, including but not limited to: a crush injury to the right hand and arm; injuries to the bones, muscles, nerves, tissues, and ligaments of the right hand and arm, the full extent of which is yet to be determined; injury to the nerves and nervous system; orthopedic, neurologic and psychological injuries the full extent of which have yet to be determined; Plaintiff has in the past and may in the future continue to be required to receive medical care, surgical care, medical treatment, hospitalization, diagnostic tests and medical procedures; he has in the past and may in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past and may in the future continue to be disabled from performing his usual duties, occupations and avocations; he has incurred various expenses, including medical expenses and may be obligated to continue to expend monies and incur further obligations for medical care and treatment; he has incurred medical bills and may in the future incur medical bills; he has sustained pain and suffering and may in the future continue to suffer pain and suffering; he has suffered loss of physical function

and physical, mental and psychological injuries; he has suffered embarrassment and humiliation; he has suffered severe scarring and disfigurement; he has suffered loss of life's pleasures; he has suffered loss of past earnings and future earnings and future earning capacity; he has suffered loss of life's enjoyment; he has been unable to perform and participate in his usual activities and recreation, all to his great loss and detriment.

**WHEREFORE**, Plaintiff, Cody Staub, demands judgment against Defendant a sum in excess of Fifty Thousand ($50,000.00) Dollars in damages together with delay damages, interest, allowable costs of suit, and such other and further relief as this Court deems just and proper under the circumstances.

### COUNT II
### STRICT PRODUCTS LIABILITY

34. Plaintiff incorporates the preceding paragraphs as though fully set forth at length herein.

35. The Subject Mixer that caused Plaintiff's injuries was marketed, designed, supplied, manufactured, assembled, distributed and/or placed in the stream of commerce by STEPHAN Machinery.

36. The Subject Mixer was expected to and did reach users, including Plaintiff, without substantial change in the condition in which it was designed, manufactured, assembled, distributed and/or sold.

37. The Subject Mixer was designed, manufactured, assembled, distributed and/or sold in a defective condition by Defendant for the reasons set forth below.

7

38. Plaintiff avers that STEPHAN Machinery, by and through its agents, servants, workers, contractors, designers, assemblers, manufacturers, sellers, suppliers, and/or distributors, is strictly liable by:

    (a) Designing, assembling, manufacturing, selling, supplying and distributing the Subject Mixer in a defective condition;

    (b) Designing, assembling, manufacturing, selling, supplying and distributing the Subject Mixer that was unreasonably dangerous to its users;

    (c) Designing, assembling, manufacturing, selling, supplying and distributing the Subject Mixer that was not safe for intended and represented purpose;

    (d) Failing to incorporate proper warnings, interlocks and/or safety devices to prevent the baffle and cutting knives of the Subject Mixer to continue to drift after the machine is turned off;

    (e) Failing to have proper interlocks and/or guarding devices to prevent body parts from being caught in the Subject Mixer;

    (f) Failing to incorporate interlocks, guards and/or safety devices which would prevent the Subject Mixer's component parts to continue to move after the equipment is turned off;

    (g) Failing to have adequate warnings on the Subject Mixer;

    (h) supplying a product which lacked all necessary warnings to protect users of the Subject Mixer; and

    (i) Designing, assembling, manufacturing, selling, supplying and distributing the Subject Mixer that lacked safety devices to prevent Plaintiff's injuries.

39. The danger posed by the Subject Mixer was unknowable and unacceptable to the average or ordinary consumer.

40. Additionally, a reasonable person would conclude that the probability and seriousness of harm caused by the Subject Mixer outweighed the burden or costs of taking precautions to prevent injuries from hands and/or arms being caught in the Subject Mixer.

8

Case# 2020-00498-0 Received at Cumberland County Prothonotary on 01/10/2020 10:37 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2020-00498-0 Received at Cumberland County Prothonotary on 01/10/2020 10:37 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

41. Defendant's breaches of duties pursuant to the Commonwealth of Pennsylvania's strict products liability law, as set forth above, were the proximate cause of Plaintiff injuries, including but not limited to: a crush injury to the right hand and arm; injuries to the bones, muscles, nerves, tissues and ligaments of the right hand and arm, the full extent of which is yet to be determined; injury to the nerves and nervous system; orthopedic, neurologic and psychological injuries the full extent of which have yet to be determined; Plaintiff has in the past and may in the future continue to be required to receive medical care, surgical care, medical treatment, hospitalization, diagnostic tests and medical procedures; he has in the past and may in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past and may in the future continue to be disabled from performing his usual duties, occupations and avocations; he has incurred various expenses, including medical expenses and may be obligated to continue to expend monies and incur further obligations for medical care and treatment; he has incurred medical bills and may in the future incur medical bills; he has sustained pain and suffering and may in the future continue to suffer pain and suffering; he has suffered loss of physical function and physical, mental and psychological injuries; he has suffered embarrassment and humiliation; he has suffered severe scarring and disfigurement; he has suffered loss of life's pleasures; he has suffered loss of past earnings and future earnings and future earning capacity; he has suffered loss of life's enjoyment; he has been unable to perform and participate in his usual activities and recreation, all to his great loss and detriment.

**WHEREFORE**, Plaintiff, Cody Staub, demands judgment against Defendant a sum in excess of Fifty Thousand ($50,000.00) Dollars in damages together with delay damages, interest, allowable costs of suit, and such other and further relief as this Court deems just and proper under the circumstances.

Case# 2020-00498-0 Received at Cumberland County Prothonotary on 01/10/2020 10:37 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

                                          CRAWFORD LAW

                                          By: *s/John R. Slattery*
                                              JOHN R. SLATTERY, ESQUIRE
                                              Attorney for Cody Staub
                                              PA Attorney ID: 49941

Date: January 10, 2020

## VERIFICATION

I, CODY STAUB, having read the foregoing Complaint, hereby verify that the factual allegations are true and correct to the best of my knowledge, information, and belief. To the extent the language is that of my counsel, I have relied upon counsel in taking this verification. This verification is made subject to the penalties of 18 Pa. C. S. A. § 4904 relating to unsworn falsification to authorities.

_____
CODY STAUB

Dated: 1/9/2020

11

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Division
_____Cumberland_____ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | TIME STAMP |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| CODY STAUB | PROXES, INC. f/k/a STEPHAN MACHINERY INC. |

**Are money damages requested?** ☒ Yes   ☐ No

**Dollar Amount Requested:** (check one)   ☐ within arbitration limits   ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☐ No

**Is this an *MDJ Appeal*?** ☐ Yes ☐ No

Name of Plaintiff/Appellant's Attorney: JOHN R. SLATTERY, ESQUIRE

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your ***PRIMARY CASE***. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☒ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

*Updated 1/1/2011*

Case# 2020-00498-0 Received at Cumberland County Prothonotary on 01/10/2020 10:37 AM, Fee = $120.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5.   Cover Sheet**

(a)(1)   This rule shall apply to all actions governed by the rules of civil procedure except the following:

    (i)   actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

    (ii)   actions for support, Rules 1910.1 et seq.

    (iii)   actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

    (iv)   actions for divorce or annulment of marriage, Rules 1920.1 et seq.

    (v)   actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

    (vi)   voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)   At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)   The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)   The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)   A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)   The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet. The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 20988402**
**Date Processed: 01/17/2020**

| | |
|---|---|
| **Primary Contact:** | Susan Bogseth<br>ProXES Inc.<br>1385 Armour Blvd<br>Mundelein, IL 60060-4401 |
| **Entity:** | ProXES Inc.<br>Entity ID Number  3417712 |
| **Entity Served:** | ProXES Inc. f/k/a Stephan Machinery Inc. |
| **Title of Action:** | Cody Staub vs. ProXES, Inc. f/k/a Stephan Machinery, Inc. |
| **Document(s) Type:** | Notice and Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Cumberland County Court of Common Pleas, PA |
| **Case/Reference No:** | 2020-00498-0 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 01/16/2020 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | John R. Slattery<br>215-592-1932 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com